UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22753-CIV-GAYLES/TURNOFF

IDELFONSO CARDELLE,

    Plaintiffs,
v.

MIAMI-DADE POLICE DEPARTMENT,
et al.,

    Defendants.
                                          /

## **ORDER OF DISMISSAL**

**THIS CAUSE** comes before the Court upon Defendant Miami-Dade Police Department's Motion to Dismiss and Incorporated Memorandum of Law [ECF No. 15] and Plaintiff's Motion to Amend Complaint to Add Party Name [ECF No. 16]. The Court has considered the parties' written submissions and applicable law.

## **BACKGROUND**[1]

On February 7, 2008, Plaintiff gave a cashier's check in the amount of $24,000 to Hilda Cardelle ("Hilda"). Plaintiff drew the check from his own account and made it payable to Hilda. Hilda then deposited the check into an account she shared with Paola Martinez ("Paola"). On March 11, 2008, Hilda obtained a cashier's check for $43,612.43 with funds from her joint account with Paola. Hilda made the cashier's check payable to Miami-Lakes Title Group. The remitter on the check was Paola. On March 13, 2008, unknown officers from the Miami Dade Police Department seized the check.

---

1    The Court takes the allegations from the Complaint [ECF 1] as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). "Although analysis of a Rule 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto, a court may consider documents attached to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim." *Starship Enter. of Atlanta, Inc. v Coweta County, Ga.,* 708 F.3d 1243, 1252, n. 13 (11th Cir. 2013); Fed. R.

Miami-Dade County brought a forfeiture action for the seized funds in the Eleventh Judicial Circuit in and for Miami-Dade County (the "State Court").  The State Court held an adversarial hearing on April 8, 2008.  After discovery, including the deposition of Plaintiff, the State Court entered a final order of forfeiture against Hilda on January 6, 2012.

On December 18, 2012, Plaintiff filed a Complaint against Miami-Dade County and Miami Dade Police Officers Ann Byrd and Rafael Duran (the "Prior Action") [ECF No. 15-A] .[2]  On July 3, 2013, the State Court granted summary judgment in favor of the County.  The Third District Court of Appeals affirmed the order and the Florida Supreme Court declined review.

On June 27, 2014, Plaintiff filed this action alleging the same facts and claims as in the Prior Action.  Defendants removed this action to federal court on July 25, 2014, and moved to dismiss.  Plaintiff later filed an Amended Complaint.  On September 5, 2014, Defendants moved to dismiss the Amended Complaint on several grounds including *res judicata* and the expiration of the statute of limitations.  Although Plaintiff has responded to the motion to dismiss, he also requests leave to file a Second Amended Complaint.  Defendants oppose any amendment to the Amended Complaint.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the

---

Civ. P. 10(c).
2 Exhibit A includes the documents in the Prior Action. The Court may consider these documents on a motion to dismiss as they are public records that are central to Plaintiff's claim. *Jackson v. BellSouth Telecomm.,* 181 F.Supp.2d 1345, 1353-54 (S.D. Fla. 2001)(determining that a court can consider "matters of public record, items appearing in the record of the case . . . [and documents] . . . refer[ed] to . . . in the complaint and . . . central to the plaintiff's claim").

defendant –unlawfully-harmed-me accusations." *Id.* (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## ANALYSIS

**I. Statute of Limitations**

Defendants argue that Plaintiff filed his claims outside of the applicable statute of limitations. The Court agrees.

Statutes of limitations exist "to prevent the litigation of stale claims – claims as to which defense may be hampered because of passage of time, lost evidence, faded memories, or disappearing witnesses. . . ." *Justice v. United States*, 6 F.3d 1474, 1482 (11th Cir. 1993). Where the "allegations [of the Complaint], on their face, show that an affirmative defense bars recovery on the claim," dismissal is appropriate under Rule 12(b)(6). *Cotton v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)("a statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under 12(b)(6) . . . when the complaint shows on its face that the limitations period has run  . . . .").

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Section 1983 does not have its own statute of limitations. Rather, district courts apply the statute of limitations from the equivalent state statute. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). For civil rights claims, the statute of limitations is the state limitations period for personal-injury torts. *Wallace v. Kato*, 548 U.S. 384, 387 (2007). In Florida, the statute of limitations for personal injury claims is four years. *See* Fla. Stat. Ann. § 95.11(3); *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002)("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years.").

The four-year statute of limitations applies when 1) the plaintiff knows or has reason to know he has been injured and 2) plaintiff is aware or should have been aware of who has inflicted the injury. *Jackson v. Martin*, 09-cv-270-LAC/MD, 2009 WL 4728160, at *3 (N.D. Fla. 2009). In his Amended Complaint, Plaintiff asserts he was aware of the forfeiture proceeding as early as December 4, 2008, when he was subpoenaed for deposition. Amended Compl. At ¶ 31. Plaintiff did not bring this action until June, 2014 – well after the expiration of the statute of limitations. As a result, Plaintiff's claims are barred.

**II.**     ***Res Judicata***

Plaintiff's claims are also barred by the doctrine of *res judicata*, which "forecloses re-litigation of fact or law that has been litigated and decided in a prior suit." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). For *res judicata* to apply:

> (1) The issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit, (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Id.* Where it is clear from the face of the complaint that *res judicata* applies, the Court may dismiss the case with prejudice.  *See Cotton*, 326 F.3d at 1357.

The prior action in State Court included claims that Defendant had deprived Plaintiff of his right to the same $24,000 at issue in the instant action.  The parties litigated the issue in the Prior Action, with the State Court deciding that Plaintiff had no standing – a critical and necessary part of the judgment -- and granting summary judgment in favor of the Defendants.  The Third District Court of Appeals affirmed the decision.  Further, Plaintiff had a full and fair opportunity to litigate his claims in the Prior Action.  Indeed, he amended his Complaint three times and filed numerous documents and motions.  As a result, *res judicata* bars the current action.3

### III.   Amendment is Futile

Plaintiff seeks to amend his complaint to name Miami-Dade County as a defendant as opposed to the Miami-Dade Police Department.  As Defendants properly point out, the Miami-Dade Police Department  "as an agency of Miami-Dady County*, is not sui juris*, and thus is not capable of being sued as an independent entity."  *Ingraham v. Miami-Dade County Corrections and Rehabilitation*, No. 0-23829-CIV, 2010 WL 3359445, at *3 (S.D. Fla. May 20, 2010).  However, there is no reason to permit Plaintiff to amend his complaint to name the proper party.  His claims are still barred by the statute of limitation and *res judicata.*  Where an amendment is futile, the Court must deny it.  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still properly be dismissed.").  Accordingly, Plaintiff's request to amend must be denied.

### CONCLUSION

---

3 The Court recognizes that there has been no service on the other individual defendants, however this does not change the analysis on the substantive issues requiring dismissal.

Defendants raise other grounds for dismissal; however, in light of the Court's finding that the statute of limitations and *res judicata* bar Plaintiff's claims, the Court declines to review those grounds.  Based thereon, it is

**ORDERED AND ADJUDGED** that Defendant Miami-Dade Police Department's Motion to Dismiss [ECF No. 15] is **GRANTED.**  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Second Motion to Amend Complaint [ECF No. 16] is **DENIED.**  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED with prejudice**.  It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record